ENTER NO JS–6 SEND



# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SUSIE CATER,

        Plaintiff,

       vs.

JOHN E. POTTER, Postmaster General,
and DOES 1-10,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV 02-07073 MMM (JTLx)

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS

Plaintiff Susie Cater, a former United States Postal Service employee, filed a first amended complaint against Postmaster General John Potter in his individual and official capacity on April 14, 2003.  Cater alleges she was forced into early retirement by emotional and physical injuries she suffered on the job, as the result of discriminatory conduct by the United States Postal Service and individual postal employees.  She requests relief for wrongful termination and intentional infliction of emotional distress.  She also alleges violations of the Rehabilitation Act, the Administrative Procedure Act, and 42 U.S.C. § 1983.  Defendant Potter has moved for partial dismissal of plaintiff's claims.

## I.  FACTUAL BACKGROUND

Plaintiff Susie Cater ("Cater") first filed suit against Postmaster General John Potter and

1  fictitiously named postal employees, in their individual and official capacities, on September 16,

2  2002.[1]  Cater alleged that she injured her foot on February 1, 1993, while in the employ of USPS,

3  and that this constituted an injury on the job within the meaning of the Rehabilitation Act.[2]  Cater

4  further alleged that USPS made reasonable accommodations for her injury until it discovered in

5  July 1993 that she could no longer perform her duties.[3]  She was then purportedly forced to

6  exhaust all of her sick leave and annual leave benefits.[4]  During this period, Cater alleged that her

7  immediate supervisor began to discriminate against her on the basis of race, color, sex, disability,

8  age, and to retaliate against her as well.[5]  USPS also purportedly initiated a pattern of harassment

9  and discrimination, apparently supporting or making comments to the effect that Cater was "too

10 old, too fat, lazy, and c[ould]n't see" in an effort to intimidate her.[6]  When Cater exhausted her

11 leave benefits in March 1994, USPS allegedly initiated disciplinary action and suspended her

12 without pay on the basis that she was Absent Without Leave ("AWOL").  This designation was

13 later changed to Leave Without Pay ("LWOP").[7]

14        As a result of defendants' actions, Cater asserted that she had suffered emotional distress,

15 humiliation, fear, anxiety, degradation, irregular blood pressure and loss of income.[8]  She stated

16 that she was forced to take early medical retirement to avoid further loss of income and injury to

17

18 _____

19 [1]Complaint, ¶ 8. All defendants are purportedly agents and employees of the United States
   Postal Service ("USPS"), and acted under color of federal law in connection with the events
20 alleged in the complaint.

21        [2]*Id.*, ¶ 10.

22        [3]*Id.*, ¶ 11.

23        [4]*Id.*, ¶ 12.

24
25        [5]*Id.*, ¶ 13.

26        [6]*Id.*, ¶ 14.

27        [7]*Id.*, ¶ 15.

28        [8]*Id.*, ¶¶ 14, 16-18, 22.

                                        2

1    body and psyche.[9]  The complaint pled claims for wrongful termination, intentional infliction of

2    emotional distress, and deprivation of liberty and property without due process of law under the

3    Fourteenth Amendment.  It also requested an order reinstating Cater to her former employment

4    position and crediting her with time for continuous service, back pay and other loss of income.[10]

5        Defendant Potter ("Potter") moved to dismiss the complaint for lack of subject matter

6    jurisdiction on December 16, 2002.  On March 24, 2003, the court dismissed plaintiff's complaint

7    without prejudice.[11]  First, it found that Cater had failed to allege a "highly personal" violation,

8    that her claim for intentional infliction of emotional distress arose out of workplace discrimination

9    and harassment, and thus that it was preempted by Title VII.[12]  The court further found that it had

10   no jurisdiction to hear Cater's emotional distress claim because Cater failed to allege exhaustion

11   of her administrative remedies and failed to name the United States as a defendant, two

12   requirements under the Federal Tort Claims Act.[13]  Second, the court found that Cater's factual

13   allegations regarding employment and disability discrimination were properly construed as claims

14   under Title VII and the Rehabilitation Act.  It dismissed the claims, however, finding that it did

15   not have subject matter jurisdiction to hear them because Cater had failed to exhaust her

16   administrative remedies under the statutes.[14]   Finally, the court determined that Cater's

17   constitutional tort claim under 42 U.S.C. § 1983 was time-barred and failed to allege state

18   action.[15]  It concluded that the cause of action was more properly construed as a claim under

19   *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), but found that Cater had not pled

20

----

21   [9]*Id.*, ¶¶ 3, 17.

22   [10]*Id.* at 6.

23   [11]March 24, 2003 Order Granting Defendant's Motion to Dismiss ("Order").

24   [12]Order at 13-14.

25   [13]See *id.* at 17.

26   [14]See *id.* at 19-22.

27   [15]See *id.* at 25-26.

28

3

1  any facts supporting an inference that defendant Potter was involved in the alleged constitutional
2  deprivation as required by *Bivens*.[16]  Accordingly, the court dismissed Cater's constitutional tort
3  claim as well.[17]  The court granted Cater leave to file an amended pleading within twenty days
4  of the date of the dismissal addressing the deficiencies it had identified.  Specifically, the court
5  stated that Cater could

6       "file a complaint alleging claims under Title VII, the Rehabilitation Act and
7       *Bivens* that satisfy the standards set forth in this order.  If, consistent with facts
8       and law, plaintiff can allege that defendants acted under color of state law, she
9       may also reallege a § 1983 claim.  Similarly, if she can allege a highly personal
10      violation that caused emotional distress, she may plead an FTCA claim against
11      the United States that satisfies the standards set forth in this order.  She may not
12      state constitutional tort claims against defendants in their official capacities.
13      Any amended complaint should clearly set forth the statutory or other basis for
14      each of plaintiff's claims."[18]

15      On April 14, 2003, Cater filed a first amended complaint.  The factual predicate for
16  Cater's claims remains the same, and is generally alleged in the same manner as it was in Cater's
17  original complaint.[19]  Cater again states claims for wrongful termination, intentional infliction of
18  emotional distress, and deprivation of property without due process of law under the Fourteenth
19  Amendment.  The amended complaint differ from the original in three respects, however.  First,
20  Cater specifically invokes the Rehabilitation Act as a basis for her discrimination claims.[20]

21

22      [16]See *id.* at 27-28.

23      [17]*Id.*

24      [18]See *id.* at 28.
25

26      [19]Compare Complaint, ¶¶ 11-18, with First Amended Complaint ("Am. Complaint"), ¶¶
    11-18.
27
      [20]Am. Complaint, ¶¶ 14-15 ("At that time, Plaintiff's immediate Supervisor's [sic] began
28  to discriminate against her on the basis of race, color, sex, disability, age, and/or reprisal, all in

4

1   Second, she alleges that she has "exhausted all of her administrative remedies" by virtue of a

2   hearing or hearings before the EEOC.[21] Third, Cater contends that the Administrative Procedure

3   Act ("APA"), 5 U.S.C. §§ 702 et seq., provides jurisdiction for the court to review the EEOC

4   decision(s) on her discrimination claims.[22]

5         On May 19, 2003, Potter filed a motion to dismiss Cater's non-Rehabilitation Act claims.

6   He contends that (1) the non-Rehabilitation Act claims should be dismissed because the

7   Rehabilitation Act and Title VII are the exclusive remedies afforded federal employees seeking

8   redress for employment discrimination; (2) Does 1 through 10 should be dismissed because the

9   Postmaster General is the only proper defendant in an action alleging discrimination during

10  employment with the USPS; (3) plaintiff's intentional infliction of emotional distress claim should

11  be dismissed because plaintiff has failed to exhaust her administrative remedies, failed to name

12  the United States as a defendant, and failed to allege a "highly personal" violation, all of which

13  are required under the Federal Torts Claims Act ("FTCA"); (4) plaintiff's constitutional tort claim

14  is barred by the statute of limitations and for failure to allege actions under color of state law as

15  required by 42 U.S.C. § 1983; (5) plaintiff's constitutional tort claim fails under *Bivens v. Six*

16  *Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 399 (1971); and (6)

17  plaintiff's claim under the Administrative Procedure Act ("APA") is barred because it seeks

18  money damages, which are not available under the limited waiver of sovereign immunity effected

19  by the APA.

20

21

22

23  violation of the *Rehabilitation Act*") (emphasis in original).

24      [21]Am. Complaint, ¶ 1. Specifically, Cater contends that she "seeks judicial review of the

25  Notice of Final Agency Action and the claims of Discrimination as submitted in EEOC NO.: 340-
    99-3701 X,-02X, Agency No: 4F-900-1180-94-;-1230-94 [sic]. . . .  Plaintiff has exhausted all

26  of her administrative remedies as a result of the decisions rendered in the above-referenced

27  hearing."

28      [22]*Id.*

# II. DISCUSSION

## A.   Standard For Dismissal Under Rule 12(b)(1)

A party mounting a Rule 12(b)(1) challenge to the court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the court's consideration. See *Thornhill Publishing Co. v. General Tel. & Electronics*, 594 F.2d 730, 733 (9th Cir. 1979) (facial attack); *Meliezer v. Resolution Trust Co.*, 952 F.2d 879, 881 (5th Cir. 1992) (challenge based on extrinsic evidence). There is an important difference between Rule 12(b)(1) motions that attack a complaint on its face and those that rely on extrinsic evidence. In ruling on the former, courts must accept the allegations of the complaint as true. See *Valdez v. United States*, 837 F. Supp. 1065, 1067 (E.D. Cal. 1993), aff'd., 56 F.3d 1177 (9th Cir. 1995). In deciding the latter, courts may weigh the evidence presented, and determine the facts in order to evaluate whether they have power to hear the case. See *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). See also *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 910 (9th Cir. 1997) ("Usually, a district court is free to hear evidence regarding jurisdiction and to resolve factual disputes in determining whether it has jurisdiction over a claim"). Here, no party has presented extrinsic evidence, and the court thus accepts the allegations of the complaint as true.

While defendant is the moving party, plaintiff bears the burden of demonstrating that the court has subject matter jurisdiction of the action because it is she who has invoked the jurisdiction of the court. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

## B.   Legal Standard For Dismissal Under Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Rule 12(b)(6) must be read in conjunction with Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 1356 (1990).

A court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Moore v. City of Costa Mesa*, 886 F.2d

260, 262 (9th Cir. 1989) (quoting *Conley*), cert. denied, 496 U.S. 906 (1990); see *Haddock v. Board of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985) (complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory). In other words, a Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). It is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

In ruling on a motion brought pursuant to Rule 12(b)(6), the court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the non-moving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995), citing *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). It need not, however, accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981).

Pleadings filed by *pro se* litigants are held to "'less stringent standards than formal pleadings by lawyers.'" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (quoting *Conley, supra*, 355 U.S. at 45-46). See also *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1268 (9th Cir. 1992) (noting that the entry of a default judgment "against a pro se litigant . . . for essentially a mistake of form strikes us as an unjust and excessive sanction"). Even *pro se* pleadings, however, "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States*, 66 F.3d 193, 199 (9th Cir.), cert. denied, 116 U.S. 1317 (1996). See also *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (explaining that "although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure"). The Ninth Circuit has thus held that Rule 8 requires that a plaintiff allege the specific actions of each defendant that have purportedly violated her rights. *Hutchinson v. United States*, 677 F.2d 1322, 1327-28 & n. 5 (9th Cir. 1982).

1      **C.**    **Whether Plaintiff Has Stated Claims Under Both The Rehabilitation Act And**

2              **Title VII**

3              **1.**    **Plaintiff Has Stated Claims Under Title VII That Survive Defendant's**

4                      **Motion To Dismiss**

5          Potter initially contends that the Rehabilitation Act is Cater's exclusive remedy.  He

6  concedes that "[p]laintiff's new Complaint alleges that defendant discriminated against her in

7  violation of the Rehabilitation Act," and does not move to dismiss Cater's Rehabilitation Act

8  claims.[23]  Potter argues, however, that "[t]he Rehabilitation Act and Title VII are the exclusive

9  remedies available to federal employees for allegations of employment discrimination," and thus

10  that "[p]laintiff's non-Rehabilitation Act claims should be dismissed for lack of subject matter

11  jurisdiction."[24]

12          Before determining whether the Rehabilitation Act or Title VII preempts any of Cater's

13  claims, the court must evaluate whether Cater has stated claims only under the Rehabilitation Act,

14  or under both the Rehabilitation Act and Title VII.  While Potter does not address this issue, the

15  court finds that Cater has stated claims under both the Rehabilitation Act and Title VII that survive

16  dismissal.  In her Amended Complaint, Cater alleges that "Plaintiff's immediate Supervisor[s] .

17  . . discriminate[d] against her on the basis of race, color, sex, disability, age, and/or reprisal, all

18

19

20

21      [23]In his first motion to dismiss, Potter did not address the putative Rehabilitation Act claims raised in plaintiff's original complaint.  See Defendant's Notice of Motion and Motion to Dismiss

22  ("Dec. 2002 Def. Mot."); see also Order at 10, n. 13 (finding that Potter failed to "cite or discuss Title VII or the Rehabilitation Act, despite Cater's clear pleading of discrimination claims related

23  to her federal employment").  The court found that plaintiff's complaint, properly construed, set forth claims under Title VII and the Rehabilitation Act.  (See Order at 17, 20-21.)  It nevertheless

24  dismissed those claims without prejudice because plaintiff failed to allege that she had exhausted her administrative remedies as required by the acts.  (See Order at 19, 22.)  Plaintiff's amended

25  complaint alleges that she has, in fact, exhausted her administrative remedies.  (Am. Complaint,

26  ¶ 1.) As a result, there is no basis for dismissal of plaintiff's Rehabilitation Act claims under Rule

27  12(b)(6), and Potter has not asserted one.

28      [24]See *id.* at 1.

in violation of the *Rehabilitation Act*" (emphasis in original).[25]   She thus invokes only the Rehabilitation Act.   When construed under the "less stringent standards" applied to *pro se* pleadings, however, the factual allegations included in the complaint indicate that her suit is properly interpreted as alleging a claim under Title VII as well.   See 42 U.S.C. § 2000e-2(a)(1) (prohibiting discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin").

Potter does not move to dismiss any claims asserted by Cater under Title VII.   Given that he is properly named as a defendant in a Title VII claim, Potter's only apparent basis for dismissal would be failure to exhaust administrative remedies.   See *Vinieratos v. United States Department of Air Force*, 939 F.2d 762 769 (9th Cir. 1991); see also *Charles v. Garrett*, 12 F.3d 870, 873 (9th Cir. 1993) ("Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit"); *Boyd, supra*, 752 F.2d at 414 (under Title VII, a federal employee must exhaust her administrative remedies before filing suit).   In contrast to her original complaint, Cater's amended pleading alleges that she has exhausted her administrative remedies.[26]   Accordingly, the court finds that Cater has stated claims under both Title VII and the Rehabilitation Act.

### 2.   Plaintiff's Rehabilitation Act And Title VII Claims May Proceed Only Against Potter

---

[25]Amend. Compl., ¶ 14.

[26]Am. Complaint, ¶ 1.   A federal employee's exhaustion of administrative remedies is a statutory precondition to filing suit under Title VII.   *Vinieratos v. United States Department of Air Force*, 939 F.2d 762 769 (9th Cir. 1991).   See also *Charles v. Garrett*, 12 F.3d 870, 873 (9th Cir. 1993) ("Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit"); *Boyd, supra*, 752 F.2d at 414 (under Title VII, a federal employee must exhaust her administrative remedies before filing suit).   A plaintiff's failure to exhaust administrative remedies does not absolutely bar her Title VII suit, however; the exhaustion requirement is not jurisdictional, but is merely a condition precedent to suit that a defendant may waive or be estopped from asserting.   *Vinieratos, supra*, 939 F.2d at767, n. 5; *Boyd, supra*, 752 F.2d at 414.

1    Potter moves to dismiss Does 1 through 10 on the grounds that the Postmaster General is

2    the only proper defendant in a claim alleging discrimination during employment with the USPS.[27]

3    The Ninth Circuit has held that under the Rehabilitation Act and Title VII, the only appropriate

4    defendant is the head of the department, agency, or unit accused of discrimination.  See *Rupert*

5    *v. U.S. Dept. of Navy*, 108 F.3d 1386, 1997 WL 121200, * 2 (9th Cir. Mar. 11, 1997) (Unpub.

6    Disp.) (noting that "the district court did not err by . . . dismissing all named defendants and

7    substituting the Secretary of the Navy" as the defendant on plaintiff's Rehabilitation Act claim);

8    *Mahoney v. U.S. Postal Service*, 884 F.2d 1194, 1196 (9th Cir. 1989) (holding that "the

9    Postmaster General is deemed the only appropriate defendant" in a Title VII action); *Johnson v.*

10    *Horne*, 875 F.2d 1415, 1418 (9th Cir. 1989) ("Section 2000e-16(c) requires that a plaintiff

11    bringing a discrimination claim name the appropriate head of the department, agency or unit

12    within 30-days after receiving a final agency decision"), overruled on other grounds in *Irwin v.*

13    *Veteran's Administration*, 498 U.S. 89 (1990); *Cooper v. U.S. Postal Service*, 740 F.2d 714, 716

14    (9th Cir. 1984) (same), cert. denied, 471 U.S. 1022 (1985), overruled on other grounds in *Irwin*

15    *v. Veteran's Administration*, 498 U.S. 89 (1990); *Stewart v. United States*, No. C-99-4058 JCS,

16    2000 WL 1705657, * 3, n. 6 (N.D. Cal. Oct. 10, 2000) (noting that "[u]nder both Title VII and

17    the Rehabilitation Act, the proper defendant is the head of the relevant agency").  Accordingly,

18    Cater's claims under Title VII and the Rehabilitation Act may proceed against defendant Potter

19    only.  Any claims asserted against Does 1 through 10 under the Rehabilitation Act and Title VII

20    are dismissed with prejudice.

21    **D.    Whether Title VII And The Rehabilitation Act Bar Plaintiff's Other Claims**

22    In addition to claims under Title VII and the Rehabilitation Act, Cater has pleaded a cause

23    of action for intentional infliction of emotional distress, as well as claims under 42 U.S.C. § 1983

24    and the APA.  Potter contends that these claims are barred by the exclusive and preemptive nature

25    of the remedial scheme created by Title VII and the Rehabilitation Act.[28]

26    ────────────────

27    [27]Def's. Mot. at 3.

28    [28]Def's. Mot. at 1-2.

1    In *Brown v. General Services Administration*, 425 U.S. 820, 829-32 (1976), the Supreme

2    Court held that section 717 of Title VII, 42 U.S.C. § 2000e-16, provides the exclusive,

3    preemptive remedy for federal employees seeking to redress employment discrimination. Section

4    717, the Court stated, "would be driven out of currency were immediate access to the courts

5    under other, less demanding statutes permissible." *Id.* at 833; see also *Nolan v. Cleland*, 686

6    F.2d 806, 815 (9th Cir. 1982) (affirming the district court's decision to strike plaintiff's due

7    process claim and stating that "[t]he holding of *Brown, supra,* is controlling on this issue"); *White

8    v. General Services Admin.*, 652 F.2d 913, 916-17 (9th Cir. 1981) (stating that "the principles

9    announced in *Brown* govern this case and limit plaintiff to his Title VII claim against the federal

10   government"). Similarly, every court that has considered the issue has held that the Rehabilitation

11   Act provides the exclusive judicial remedy for claims based on a federal employee's disability.

12   See, e.g., *Boyd v. United States Postal Service*, 752 F.2d 410, 413 (9th Cir. 1985); *McGuinness

13   v. United States Postal Service*, 744 F.2d 1318, 1322 (7th Cir. 1984); *Hupka v. United States

14   Department of Defense*, 134 F.Supp.2d 871, 875-76 (E.D. Mich. 2001); *Ward v. Kennard*, 133

15   F.Supp.2d 54, 57 (D.D.C. 2000); *Taylor v. Gearan*, 979 F.Supp. 1, 5-6 (D.D.C. 1997); *Paegle

16   v. Department of the Interior*, 813 F.Supp. 61, 66-67 (D.D.C. 1993); *Rattner v. Bennett*, 701

17   F.Supp. 7, 8 (D.D.C. 1988).

18   Title VII and the Rehabilitation Act do not automatically preempt a plaintiff's additional

19   claims, however. Before the statutes will have this effect, it must be established that plaintiff's

20   additional claims arise from the same "factual predicate" as her claims under Title VII or the

21   Rehabilitation Act. See, e.g., *Nolan, supra,* 686 F.2d at 815 (finding Title VII preemptive when

22   "the factual predicate for [the plaintiff's] due process claim is the discrimination which is the basis

23   of her Title VII claim"); cf. *Arnold v. United States*, 816 F.2d 1306, 1311 (9th Cir. 1987) (noting

24   that "[r]emedy for unconstitutional actions other than employment discrimination, even if arising

25   from the same core of facts, is not barred by Title VII"); *McKenna v. Weinberger*, 729 F.2d 783,

26   791 (D.C. Cir. 1984) (holding that plaintiff's claim under the APA was not barred by Title VII

27   because it was "*not* one of discrimination. Rather, she charges that the agency, whether its

28   motive was legal or illegal, failed to conform to its own regulations. She does not claim that these

1    entirely independent of her discrimination claim").

2    　　　　Second, even where a plaintiff's claims have the same factual predicate as Title VII or

3    Rehabilitation Act causes of action, courts have allowed them to go forward if it is clear that

4    Congress did not intend to preempt them.  See, e.g., *Keller v. Prince George's County*, 827 F.2d

5    952, 962 (4th Cir. 1987) (holding that "[u]nlike actions against federal employers discussed in

6    *Brown*, Congress was aware of the remedies for state employees such as § 1983 which preexisted

7    Title VII, and it decided that those remedies should remain available").  Therefore, because Title

8    VII and the Rehabilitation Act do not presumptively preempt Cater's additional claims, the court

9    considers each of the causes of action in turn to determine whether it is barred.

10   　　　　　　1.    **Plaintiff's Claim For Intentional Infliction Of Emotional Distress Is**

11   　　　　　　　　　**Preempted On The Facts Alleged**

12   　　　　In *Brock v. United States*, 64 F.3d 1421, 1422-23 (9th Cir. 1995), the Ninth Circuit held

13   that a federal employee's FTCA negligence claim was preempted by Title VII because it alleged

14   sexual discrimination.  The court also held, however, that plaintiff's claims based on rape and

15   sexual assault by her supervisor were not preempted, as they alleged conduct that was "more than

16   sexual discrimination."  *Id.* at 1423.  Specifically, the court held that "because the conduct

17   alleged in Brock's complaint is [a] highly personal violation beyond the meaning of

18   discrimination, the complaint states a claim that is separately actionable under the FTCA."  *Id.*

19   at 1424.  See also *Arnold v. United States*, 816 F.2d 1306, 1312 (9th Cir. 1987) (federal

20   employee could state tort claims against her supervisor based on allegations that he fondled her,

21   kissed her and made other sexual advances because battery is conduct beyond the scope of a

22   supervisor's authority); *Otto v. Heckler*, 781 F.2d 754, 758 (9th Cir. 1986) (supervisor of a

23   federal employee was not immune from state law tort claims for, *inter alia*, intentional infliction

24   of emotional distress that were based on allegations that he had followed her, defamed her,

25   harassed her with phone calls, intruded into her married life, and caused mental distress that led

26   her to suffer a miscarriage because the conduct was not within the scope of his employment

27   duties). More recently, in *Sommatino v. United States*, 255 F.3d 704 (9th Cir. 2001), the Ninth

28   Circuit applied the rule enunciated in *Brown* and *Brock*, and concluded that allegations of

1  intentional touching and sexually suggestive and vulgar remarks were "typical of the offensive

2  workplace behavior giving rise to an action to remedy a hostile work environment." *Id.* at 712.

3  Accordingly, it held that the conduct, "while highly offensive, [was] not of the order of

4  magnitude of the personal violation of rape in *Brock*, the forced sexual assaults in *Arnold* . . . ,

5  and the following and phone calling at home in *Otto*." *Id.*

6      Reviewing Cater's allegations, it does not appear that she alleges a highly personal

7  violation that is "more than" workplace discrimination or harassment. Accordingly, under

8  *Sommatino* and *Brock*, any FTCA claim based on such conduct is preempted by Title VII. See

9  *Gergick v. Austin*, 997 F.2d 1237, 1239 (8th Cir. 1993) (FTCA claim for intentional infliction

10  of emotional distress was preempted by Title VII); *Stewart, supra*, 2000 WL 1705657 at * 13

11  (holding that an FTCA emotional distress claim arising out of plaintiff's wrongful termination was

12  preempted by Title VII and the Rehabilitation Act). The court affords Cater leave to amend in

13  the event she can allege the type of "highly personal" violation that is necessary to avoid

14  preemption. Cater should assert such a claim, however, only if she can do so consistent with the

15  facts and the law as it is described in this order.[29]

16

17      [29]Potter also contends that Cater's emotional distress claim is barred because she has

18  neither named the United States as a defendant nor exhausted her administrative remedies as

19  required by the FTCA. (Def's Mot. at 4-5.) The court agrees, and would dismiss on these
   additional grounds even if it concluded that the claim was not preempted by Title VII. Under the

20  FTCA, district courts have jurisdiction to hear claims brought against the United States; "[n]o
   jurisdiction as to individual defendants[, however, has been] granted." *Hooker v. U.S. Dept. of*

21  *Health and Human Services*, 858 F.2d 525, 531 (9th Cir. 1988) (citing *Davis v. United States*,

22  667 F.2d 822, 825 (9th Cir. 1982)). Cater has not sued the United States. Rather, she has named
   the Postmaster General and several unidentified postal employees. To the extent she seeks to

23  plead an FTCA claim, therefore, the court lacks jurisdiction to hear it. See *Kennedy v. U.S.*

24  *Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) ("Because the United States is the only
   proper party defendant in an FTCA action, the district court correctly dismissed her complaint

25  as improperly filed against the Postal Service and [Postmaster General] Runyon"). Accordingly,
   if Cater elects to amend to state an FTCA claim, such claim may be asserted only against the

26  United States as a defendant.

27      Additionally, 28 U.S.C. § 2675(a) provides that no tort action shall be instituted against
   the United States "unless the claimant shall have first presented the claim to the appropriate

28  Federal agency and [her] claim shall have been finally denied by the agency in writing. . . ." 28

1

## 2.  Cater's Claim Under 42 U.S.C. § 1983 Is Not Preempted

2

The Ninth Circuit has held that "Title VII does not preempt an action under section 1983

3

---

4  U.S.C. § 2675(a). This requirement is jurisdictional and may not be waived. See, e.g., *McNeil*
5  *v. United States*, 508 U.S. 106, 110 (1993); *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir.
   1992). To satisfy the claims filing requirement of the FTCA, a plaintiff must give the appropriate
6  federal agency "written notification of an incident, accompanied by a claim for money damages
   in a sum certain for injury to or loss of property, personal injury, or death." 28 C.F.R. §
7  14.2(a). A claimant has two years from the date a claim accrues to present it to the agency. Suit
8  must be filed within six months after the date of mailing of a notice of final denial of the claim
   by the agency. 28 U.S.C. § 2401(b).
9        Cater has not alleged that she complied with the claims filing requirement, and therefore
10 has not demonstrated a waiver of sovereign immunity under the FTCA. See *Gartner v. Securities*
   *and Exchange Commission*, 913 F.Supp. 1372, 1381 (C.D. Cal. 1995) ("Exhaustion of
11 administrative remedies should be alleged in the complaint or the court may dismiss the complaint
   for lack of jurisdiction"). Cater may thus amend to state an FTCA claim for intentional infliction
12 of emotional distress only if she can allege that she complied with the FTCA exhaustion
13 requirement *before* filing this lawsuit. See *McNeil, supra*, 508 U.S. at 111 ("The command that
   an 'action shall not be instituted . . . unless the claimant shall have first presented the claim to the
14 appropriate Federal agency and his claim shall have been finally denied by the agency in writing
15 and sent by certified or registered mail' is unambiguous. We are not free to rewrite the statutory
   text. As of March 6, 1989, petitioner had neither presented his claim to the Public Health
16 Service, nor had his claim been 'finally denied' by that agency. As the Court of Appeals held,
17 petitioner's complaint was filed too early"). Cater's allegation that she exhausted administrative
   remedies through the EEOC is not sufficiently definite to demonstrate that she satisfied the FTCA
18 claims filing requirement. While, it appears that under certain circumstances, a claim filed with
   the EEOC can satisfy the FTCA administrative claim requirement, this will only be true if the
19 EEOC complaint demands a sum certain, and places the agency on notice of the nature of
20 plaintiff's tort claims. See *Fairley v. Potter*, No. C-01-1363 VRW, 2003 WL 403361, * 6 (N.D.
   Cal. Feb. 13, 2003) ("Fairley's second argument, that she may maintain a separate tort action in
21 spite of the FTCA by virtue of exhausting her administrative remedies under Title VII, is also
22 mistaken. . . . [A]s noted above, Fairley's EEOC complaint cannot be said to serve as notice of
   her tort claims"); *Peltier v. United States, Bureau of Alcohol, Tobacco, and Firearms*, 149
23 F.Supp.2d 939, 941 (N.D. Ohio 2001) ("Because the claim filed with the EEOC is insufficient
   to notify the ATF of a tort claim and fails to enable the ATF to calculate a reasonable settlement
24 figure, it does not satisfy the requirements of § 2675"); *Wilds v. United States Postmaster*
25 *General*, 989 F.Supp. 178, 186-87 (D. Conn. 1997) (finding that an EEOC complaint satisfied
   the FTCA claims filing requirement because it "satisfied the 'sum certain' requirement [by giving]
26 the Postal Service . . . notice of the maximum to which it will be exposed"); *Sharpless v.*
27 *Summers*, No. CIV. A. 00-3260, 2001 WL 118960, * 4 (E.D. Pa. Feb. 9, 2001) (holding that
   an EEOC complaint was not sufficient to exhaust administrative remedies under the FTCA
28 because the complaint did not set forth the facts underlying the claim).

1   for a violation of the fourteenth amendment." *Roberts v. College of the Desert*, 870 F.2d 1411,

2   1415 (9th Cir. 1989). This holding accords with numerous other circuit and district court cases

3   that have concluded Congress did not intend to preclude plaintiffs from bringing claims under both

4   Title VII and 42 U.S.C. § 1983, even if the claims arise from the same factual predicate. See,

5   e.g., *Keller, supra*, 827 F.2d at 962 (noting that "[t]he Courts of Appeals which have addressed

6   this issue have concluded that Title VII does not preempt an action under § 1983 which is based

7   on an alleged violation of the Fourteenth Amendment," and that "[m]ost district courts have also

8   rejected the claim that Title VII preempts an action for intentional discrimination under § 1983")

9   (collecting cases); *Black v. City & County of Honolulu*, 112 F.Supp.2d 1041, 1057 (D. Haw.

10  2000) (holding that "a public employer who discriminates based on prohibited criteria (e.g.,

11  gender, race, religion) may be liable for violating the federal constitution as well as Title VII")

12  (citations omitted). This is because, in contrast to claims by federal employees under 42 U.S.C.

13  §§ 1981 and 1985, which courts have held are preempted by Title VII, § 1983 provides remedies

14  to *state employees*. See *Keller, supra*, 827 F.2d at 962 (noting that "Congress stated that it did

15  not intend in enacting the 1972 Act to preempt either the preexisting rights or remedies of state

16  employees, including those remedies provided by § 1983").[30]  Accordingly, if it were possible

17  for Cater to state a valid claim under 42 U.S.C. § 1983, that claim would not be preempted by

18  Title VII.

19          **3.     Cater's Claim Under *Bivens* Is Preempted**

20          As the court noted in granting Potter's earlier motion to dismiss, although Cater invokes

21  § 1983 as the basis for her constitutional tort claim, it is more properly construed as a claim under

22  *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court held that

23

24          [30]Additionally, Title VII and § 1983 differ in several significant respects. *Keller, supra*,

25  827 F.2d at 955. Title VII establishes a detailed administrative process and requires that a
    plaintiff exhaust her administrative remedies before filing suit in federal court; § 1983 has no such

26  requirement. *Id.* The limitation period for a § 1983 claim, moreover, is generally longer than
    that for a Title VII claim. *Id.* Finally, while a § 1983 plaintiff can obtain legal and equitable

27  relief and has a right to jury trial, Title VII generally provides only equitable relief and does not

28  afford plaintiffs a jury trial right. *Id.*

1  federal courts have inherent authority to award damages to plaintiffs whose federal constitutional

2  rights have been violated by federal officials. *Id.* at 395. The elements of a *Bivens* claim are

3  identical to the elements of a § 1983 claim, except that plaintiff must allege the defendant acted

4  under color of federal law rather than color of state law. See *Van Strum v. Lawn*, 940 F.2d 406,

5  409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the

6  replacement of a state actor under § 1983 by a federal actor under *Bivens*").

7       Because *Bivens* provides a remedy for violations of federal law, to the extent that Cater's

8  *Bivens* claim arises from the same factual predicate as her Title VII and Rehabilitation Act claims,

9  it is preempted by those statutes. See *Williams v. United States General Services Administration*,

10 905 F.2d 308, 311 (9th Cir. 1990) ("Williams may also be attempting to sue the individual federal

11 defendants based upon a *Bivens*-type theory. . . . Yet the Supreme Court has squarely held that

12 a federal employee cannot assert an extra-statutory damages claim for violations arising out of the

13 employment context where an adequate statutory procedure exists for dealing with such claims");

14 *Clemente v. United States*, 766 F.2d 1358, 1364, n. 7 (9th Cir. 1985) ("To the extent that

15 plaintiff's *Bivens* claims are founded in actions proscribed by Title VII, they may not be

16 maintained because Title VII provides the exclusive remedy") (citations omitted); *White v.*

17 *General Services Admin.*, 652 F.2d 913, 917 (9th Cir. 1981) ("Title VII . . . provides a statutory

18 remedy for retaliation against filing an EEO charge, and no independent *Bivens*-type action is

19 available").

20      In her complaint, Cater contends that "[b]y reason of the defendant's conduct, plaintiff was

21 deprived of rights, privileges, and immunities secured to her by the *Fourteenth Amendment of the*

22 *Constitution of the United States*."[31] The conduct to which Cater refers is the same conduct that

23 forms the basis for her claims under Title VII and the Rehabilitation Act.[32] Accordingly, any

24 *Bivens* claim Cater asserts is grounded in actions covered by Title VII, and defendant's motion

25

26  ─────────────────────

27      [31]Am. Complaint, ¶ 20 (emphasis in original).

28      [32]See *id.* at ¶¶ 11-18.

1    to dismiss the claim must be granted.[33]  Furthermore, because the court is dismissing Cater's

2    _____

3    [33]Potter also contends that any *Bivens* claim asserted by Cater is barred because she has failed to allege that he was personally involved in the allegedly unconstitutional acts. (Def's.

4    Mot. at 7.) The court agrees that this failure constitutes an alternative basis for dismissal of the

5    claim.

6    Cater has alleged the first element of a *Bivens* claim by asserting that defendants acted under color of federal law. *Bivens* claims, however, like other constitutional tort claims, may be

7    pursued only to the extent the defendant sued participated personally in effecting a constitutional deprivation. *Bibeau v. Pacific Northwest Research Foundation Inc.*, 188 F.3d 1105, 1114 (9th

8    Cir. 1999) ("Another way of phrasing Bibeau's 'ultimate responsibility' theory is 'respondeat superior,' and such liability does not lie in either *Bivens* or section 1983 actions"); *Terrell v.*

9    *Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) ("We join other circuits in holding that respondeat

10   superior is inapplicable to *Bivens* actions").  Supervisors cannot be held vicariously liable for the actions of their subordinates under *Bivens*.  See, e.g., *Hentz v. Eastern Oregon Correctional*

11   *Institution Admin.*, No. CIV. 98-993-ST, 1999 WL 562698, * 3 (D. Or. July 30, 1999) ("A

12   *Bivens* action cannot be premised solely upon respondeat superior liability.  Supervisors can, however, be held liable for the conduct of their subordinates if they were personally involved in

13   the alleged conduct," citing *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989) ("Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of

14   vicarious liability")).

15   To hold a supervisor liable under *Bivens*, the plaintiff must plead and prove either that he was personally involved in the constitutional deprivation or that there is a sufficient causal

16   connection between his wrongful conduct and the violation. *Hansen, supra*, 885 F.2d at 646; see

17   also *Armendariz v. Penman*, 31 F.3d 860, 871 (9th Cir. 1994) ("A supervisor may be liable based on either (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a

18   sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation"), aff'd. in part, rev'd. in part on other grounds, 75 F.3d 1311 (9th Cir. 1996) (en

19   banc).  Courts have previously held that, to plead a *Bivens* claim against a supervisory official,

20   the plaintiff must set forth facts showing that the defendant was personally involved in the alleged deprivation, or establishing a causal connection between his conduct and the constitutional

21   violation.  *Gartner, supra*, 913 F.Supp. at 1381.

22   Cater has not pled any facts that would support an inference that Potter was involved in the constitutional deprivation she allegedly suffered either as a supervisor or as a direct

23   participant.  Consequently, she has not adequately stated a *Bivens* claim.  See, e.g., *Jones v.*

24   *Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("'Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil

25   Rights Act.' . . . The plaintiff must 'allege with at least some degree of particularity overt acts which defendants engaged in 'that support the plaintiff's claim'" (citations omitted)); *Ivey v.*

26   *Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of

27   official participation in civil rights violations are not sufficient to withstand a motion to dismiss"). Even if the *Bivens* claim was not preempted by Title VII and the Rehabilitation Act, therefore,

28   dismissal would be warranted under Rule 12(b)(6).

17

1  claim under the doctrine of preemption, Cater cannot cure her *Bivens* claim through repleading.

2  Accordingly, it is dismissed with prejudice.

3              **4.    Cater's Claim Under the APA Is Preempted**

4         In her amended complaint, Cater invokes the jurisdiction under the APA. The APA "does

5  not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of

6  agency action." *Califano v. Sanders*, 430 U.S. 99, 107 (1977). Instead, the statute provides that

7  "[a]gency action made reviewable by statute and final agency action *for which there is no other*

8  *adequate remedy in a court* are subject to judicial review." 5 U.S.C. § 704 (emphasis added).

9  Because Title VII provides the exclusive procedure for securing judicial review of agency action

10 in the employment arena, the APA is inapplicable. See *Weahkee v. Powell*, 532 F.2d 727, 729

11 (10th Cir. 1976) (stating "[t]he Administrative Procedure Act has no application because the 1972

12 amendment says, 42 U.S.C. § 2000e-16(d), that the provisions of § 2000e-5(f) through (k) govern

13 all civil actions brought thereunder. The statutory procedures for judicial review are exclusive");

14 *Carlson v. U.S. Dept. of Health and Human Services*, 879 F.Supp. 545, 549 (D. Md. 1995)

15 (holding that "[p]laintiff's claim under the APA, Count II of the Complaint, must be dismissed

16 . . . [because] [t]he APA is inapplicable in federal Title VII cases"); *McDowell v. Cheney*, 718

17 F.Supp. 1531, 1544-45 (M.D. Ga. 1989) (noting that "to the extent Mrs. McDowell's claims

18 under the APA are based on allegations of employment discrimination because of her sex, such

19 claims are actionable only under Title VII"); *Walker v. Secretary of Treasury, I.R.S.*, 713

20 F.Supp. 403, 409 (N.D. Ga. 1989) (finding that "[t]he APA does not create substantive rights on

21 which a claim for relief can be based. . . . Congress has provided in Title VII appropriate routes

22 for judicial review of employment discrimination decisions").[34] Accordingly, Cater's claim under

23

24        [34]In *McKenna, supra*, 729 F.2d at 791, the D.C. Circuit allowed a plaintiff to bring

25 simultaneous actions under Title VII and the APA when the factual predicates for the claims were
   distinguishable.   Specifically, the court found that plaintiff's allegations that the Defense

26 Intelligence Agency had failed to conform to its own procedures were not preempted by her
   claims of sexual discrimination against the same agency. *Id.*; see also *Lynch v. Bennett*, 665

27 F.Supp. 62 (D.D.C. 1987) (holding that under *McKenna*, plaintiff's simultaneous suits under the

28 Rehabilitation Act and the APA could go forward because the APA action challenged "the

1    the APA is dismissed with prejudice.

2    **E.    Cater Has Failed To State A Claim Under § 1983**

3    Although, as noted above, § 1983 claims are not preempted by Title VII and the

4 Rehabilitation Act, Cater has failed to state a cognizable § 1983 claim. Preliminarily, it appears

5 that any such claim would be time-barred. Because 42 U.S.C. § 1983 contains no statute of

6 limitations, actions brought pursuant to it are governed by the analogous state statute of limitations

7 for personal injury suits. See *Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (holding that because

8 § 1983 claims are "best characterized as personal injury actions, [courts should] appl[y] the [state]

9 statute of limitations governing actions 'for an injury to the person or reputation of any person'").

10 In California, the limitations period for personal injury actions is one year. CAL. CODE CIV.

11 PROC. § 340(3). Thus, § 1983 claims must be brought within one year after they accrue or they

12 are barred. *McDougal v. County of Imperial*, 942 F.2d 668, 670 (9th Cir. 1991) (". . . we affirm

13 dismissal of the § 1983 and § 1985(3) claims. California's one-year general statute of limitations

14 for personal injury actions, Cal.Civ.Proc.Code § 340(3), applies to both").

15    Federal law governs when a cause of action accrues and the statute of limitations begins

16 to run in cases brought under the civil rights statutes. *Cabrera v. City of Huntington Park*, 159

17 F.3d 374, 379 (9th Cir. 1998); *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994).

18 Generally, the limitations period on a civil rights claim commences when the plaintiff knows or

19

---

20 procedures employed" by the various agencies and did not simply reallege plaintiff's disability
discrimination claims). In the instant case, Cater alleges no separate basis for her APA claim.

21 Accordingly it does not fall within the exception delineated in *McKenna* and *Lynch*.

22    Potter additionally contends that the APA does not confer jurisdiction over claims for
money damages. (See Def's. Mot. at 8-9.) 5 U.S.C § 702 provides that "[a]n action in a court

23 of the United States seeking relief *other than money damages* and stating a claim that an agency
or an officer or employee thereof acted or failed to act in an official capacity or under color of

24 legal authority shall not be dismissed nor relief therein be denied on the ground that it is against
the United States or that the United States is an indispensable party." Applying this rule, Cater's

25 APA claim is also subject to dismissal because it seeks money damages. See *Allred v. United*

26 *States*, 33 Fed. Cl. 349, 350-51 (1995) (noting that "[t]he APA . . . specifically provides that it

27 does not establish jurisdiction over claims for money," citing *Paskert v. United States*, 20 Cl. Ct.
65 (1990)).

28

1  has reason to know of the injury that forms the basis for the action. *Cabrera, supra,* 159 F.3d

2  at 379-80; *Elliot, supra,* 25 F.3d at 802.

3        Here, Cater alleges that defendants' discriminatory actions began in July 1993 and that she

4  was suspended without pay in March 1994.[35]  She asserts that thereafter, she was forced to take

5  early medical retirement, but does not state when this took place.[36]  The dates described indicate

6  that the vast majority, if not all, of the purported due process violations took place well in excess

7  of one year before Cater filed her complaint on September 16, 2002.  She does not allege that she

8  did not know or have reason to know of the violations until September 16, 2001.  Moreover, she

9  makes no argument that it would be appropriate equitably to toll the statute of limitations in this

10  case.  Accordingly, on the face of the complaint, it appears that most or all of Cater's

11  constitutional tort claim is time-barred.

12        In addition to the statute of limitations problem, Cater's § 1983 claim fails because she has

13  not alleged a key element of the cause of action.  To state a claim under § 1983, plaintiff must

14  show that (1) the defendant violated his or her federal rights and (2) the defendant acted under

15  color of state law.  See *West v. Atkins,* 487 U.S. 42, 48 (1988).  Cater alleges that all defendants

16  acted under color of federal law during the events in question.[37]  This allegation is supported by

17  the further assertion that Potter is an agent and employee of the USPS, a federal agency.[38]  On

18  its face, therefore, Cater's complaint fails to allege facts sufficient to satisfy § 1983's "color of

19  state law" requirement.  See *Cabrera, supra,* 973 F.2d at 744 ("[T]he federal defendants derived

20  their power exclusively from federal law. . . .  We therefore reverse the district court's decision

21  holding that the federal defendants violated § 1983").[39]  Accordingly, defendant's motion to

22  _____

23     [35]Complaint, ¶¶ 11-15.

24     [36]*Id.,* ¶¶ 3, 17.

25     [37]*Id.,* ¶¶ 9-10.

26     [38]*Id.*

27     [39]Federal agents acting in their official capacity may be held liable under § 1983 "if they

28  act in concert or conspiracy with state officials to deprive persons of their federal rights."

20

1  dismiss Cater's § 1983 claim is granted.

2

3                                    **III. CONCLUSION**

4          For the foregoing reasons, defendant's motion to dismiss plaintiff's *Bivens* and APA claims

5  is granted with prejudice.  Defendant's motion to dismiss plaintiff's Title VII and Rehabilitation

6  claims to the extent they are asserted against Does 1 through 10 is also granted with prejudice.

7  Defendant's motion to dismiss plaintiff's § 1983 and FTCA claims is granted without prejudice.

8  Plaintiff may file an amended pleading within twenty days of the date of this order addressing the

9  deficiencies noted in this order.  If, consistent with the facts and law, plaintiff can allege that

10 defendants acted under color of state law, she may reallege a § 1983 claim.  If, as in her two prior

11 complaints, she can only allege that defendants acted under color of federal law, she may not

12 reallege such a claim.  Similarly, if plaintiff can allege a highly personal violation that caused

13 emotional distress, and can plead that she met the claims filing requirements of the FTCA, she

14 may plead an FTCA claim against the United States.  She may not plead such a claim against

15 defendant Potter, and may include it in her complaint only if she can satisfy the requirements

16 noted.  She may not include *Bivens* or APA claims in her amended complaint.  Any amended

17 complaint should clearly set forth the statutory or other basis for each of plaintiff's claims.

18

19 DATED: September 22, 2003                    *Margaret M. Morrow*
                                              _____
20                                              MARGARET M. MORROW
                                              UNITED STATES DISTRICT JUDGE

21

22

23

24 _____

25 *Cabrera*, *supra*, 973 F.2d at 741; *Merritt v. Mackey*, 932 F.2d 1317, 1323 (9th Cir. 1991).  See
   also *Hindes v. Federal Deposit Insurance Corp.*, 137 F.3d 148, 158 (3d Cir. 1998) ("It is a
26 well-established principle, however, that federal officials are subject to section 1983 liability when
   sued in their official capacity where they have acted under color of state law, for example in
27 conspiracy with state officials").  Cater has not alleged that Potter acted in concert with state
28 officials, and this exception is therefore inapplicable.